Dear Mr. Decuir:
You have requested an opinion of this office regarding the hiring by "a large Louisiana University" of an athletic coach who was formerly employed by a non-Louisiana college that is a member of the National Association of Intercollegiate Athletics, but not a member of the National Collegiate Athletic Association. While the coach was employed by the NAIA college, the school was cited for various rule violations and certain athletic programs were sanctioned. The Louisiana University which seeks to employ the coach is not itself a member of the NAIA.
Your request seeks the opinion of this office as to the following question regarding the hiring of this coach as well as hiring practices in general:
 (1) May a Louisiana university which is a member of the NCAA but not the NAIA hire a coach who was employed by a university that was cited for serious violations of NAIA rules?
By the express terms of LSA-R.S. 17:2054(B), a NCAA university cannot employ a coach who has been cited for serious violations of NAIA rules for a period of years. Section 2054(B) provides the following:
 Each higher education management board shall also adopt and implement policies, procedures, and rules to prohibit the hiring of any person found by the National Collegiate Athletic Association or the National Association of Intercollegiate Athletics to have committed a deliberate and serious infraction of its rules when such infraction results in imposition of sanctions by the association, at any school under its respective jurisdiction for a period of five years.
The clear language of this subsection is to prohibit the hiring of any person found to have committed "deliberate and serious" infractions of the rules of the NCAA or NAIA. There is no reference explicitly or impliedly made in the statute to the membership status of the hiring college or university. The concern expressed in this legislation is over whether the prospective employee committed such violations and was in fact sanctioned therefor, not whether the hiring school is a member of the particular association which imposed the sanctions in the first place.
It should be noted at this point that based on the documents accompanying your opinion request, it seems clear that the athletic coach in question is not currently under any sanctions imposed by the NAIA, even though his former school is under sanction. Provided that this coach has not been sanctioned in the past five years by either the NAIA or the NCAA (of which there is no indication he has) then there does not appear to be any statutory prohibition against his employment by the university in question.
LSA-R.S. 17:2054(B), mandates that each management board or board of trustees adopt policies, procedures, and rules to implement that statute only for internal administrative purposes. The prohibition itself is such that it prohibits the hiring of the described person without regard to whether a particular management board has actually adopted the internal rules called for by the statute.
We hope this opinion has sufficiently addressed your concerns. Please contact us if we can be of further assistance.
Your very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0192p